IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRACIE E. McBROOM,

        Plaintiff,

    vs.                         Civil Action 2:12-cv-1074
                                      Judge Marbley
                                      Magistrate Judge King

HR DIRECTOR FRANKLIN COUNTY
BOARD OF ELECTIONS,

        Defendant.

<u>OPINION AND ORDER</u>

Plaintiff, who is proceeding *in forma pauperis* without the assistance of counsel, has filed a *Request to Produce and Inspect Documents Pursuant to FRCP 34*, Doc. No. 45.  Plaintiff's filing appears to be her initial discovery request.  Although plaintiff's initial discovery requests must be sent to defense counsel, they should not be filed with the Court.  Plaintiff's *Request to Produce and Inspect Documents Pursuant to FRCP 34*, Doc. No. 45, is therefore **ORDERED STRICKEN FROM THE RECORD**.

This matter is now before the Court on a document filed by plaintiff captioned *Motion to Amend*, Doc. No. 46.  It appears that the motion seeks to amend either Doc. No. 19 or Doc. No. 33, but it is entirely unclear to the Court what plaintiff intends by this filing.  Accordingly, to the extent that plaintiff's filing, Doc. No. 46, requests some action by the Court, that motion is **DENIED**.

This matter is also before the Court on plaintiff's motion for sanctions under Fed. R. Civ. P. 26(c), Doc. No. 47. Plaintiff's motion for sanctions seeks an order "punish[ing] the Defendant for failing to abide by the Discovery Rules in their [sic] Answer of Plaintiff's First Set of Interrogatories to Defendant." *Id*. at p. 1. Plaintiff argues that defendant's responses to her first set of interrogatories are "slanted, ambiguities." *Id*. Plaintiff's motion does not, however, provide any information about the interrogatories, nor does it include a copy of the interrogatories or defendant's responses thereto. Plaintiff complains that defendant objected to the interrogatories as "overly broad, impermissibly vague, unduly burdensome and seek[ing] information that may be protected by the attorney client privilege or attorney work product;" however, the motion does not contain sufficient information for the Court to determine if defendant's responses are actually deficient in any way. Accordingly, plaintiff's motion for sanctions, Doc. No. 47, is **DENIED**.

This matter is also before the Court for consideration of plaintiff's *Motion to Compel*, Doc. No. 48. Plaintiff's *Motion to Compel* seeks to compel response to interrogatories sent to defendant on May 15, 2013. *Id*. at pp. 1-2. Defendant has not filed a response to this *Motion to Compel*.

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to interrogatories. Rule 37(a) expressly

provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to answer an interrogatory submitted under Rule 33[.]"  Fed. R. Civ. P. 37(a)(3)(B).  However, a party moving to compel discovery responses must certify that she "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.

In the case presently before the Court, plaintiff has not certified, or even argued, that she made a good faith attempt to confer with defendant in an effort to resolve this dispute prior to filing the *Motion to Compel*.  Plaintiff's *Motion to Compel*, Doc. No. 48, is therefore **DENIED**.

The Court also notes that certain pages of Doc. No. 48-1 contain personal identifying information.  The Clerk is **DIRECTED** to place pages 3 and 9 of Doc. No. 48-1 under seal.

Also before the Court is plaintiff's motion titled *Request to Produce and Inspect Documents Pursuant to FRCP 34*, Doc. No. 49.  In that filing, plaintiff refers to a phone call and an in-person conversation between her and defendant's counsel.  The motion does not, however, ask the Court to take any action.  To the extent that this filing, Doc. No. 49, requests some action by the Court, that motion is **DENIED**.

Plaintiff has filed a motion for judgment on the pleadings, Doc. No. 33.  Defendant has filed a response to that motion which

3

is also, apparently, intended to serve as a motion to dismiss. *Defendant Franklin County's Memorandum Contra and Motion to Dismiss Plaintiff's Complaint Filed November 20, 2012*, Doc. No. 41. The Clerk is **DIRECTED** to indicate on the docket that Doc. No. 41 is both a response to plaintiff's motion for judgment on the pleadings, Doc. No. 33, and a motion to dismiss the *Complaint*. **Plaintiff may have until August 30, 2013 to reply in support of her motion for judgment on the pleadings and defendant may have until August 30, 2013 to reply in support of this motion to dismiss.**

Plaintiff's remaining motions, Doc. Nos. 50, 51, 52, appear to be related to defendant's motion to dismiss. Doc. No. 50 appears to be both a motion to file a late response to defendant's motion to dismiss and a response to defendant's motion. To that extent, plaintiff's motion, Doc. No. 50, is **GRANTED.** The Clerk is **DIRECTED** to indicate on the docket that Doc. No. 50 is both a motion to file a late response to defendant's motion to dismiss and a response to defendant's motion to dismiss. To the extent that the motion, Doc. No. 50, seeks other, unspecified, action by the Court, it is **DENIED.**

Plaintiff's motion, Doc. No. 52, appears to relate to and contain portions of her prior motion, Doc. No. 50. However, the filing appears to be incomplete and it is entirely unclear what plaintiff intends by this filing. To the extent that the filing seeks action by the Court, plaintiff's motion, Doc. No. 52, is **DENIED.** Plaintiff's motion to amend, Doc. No. 51, seeks to

4

amend Doc. No. 52 to replace certain pages with pages attached to the motion.  The motion does not, however, attach any additional pages and it is in any event unclear which pages of Doc. No. 52 plaintiff intends to replace.  Plaintiff's motion, Doc. No. 51, is therefore **DENIED**.

Finally, the Court notes that certain pages of Doc. No. 50-1 contain personal identifying information.  The Clerk is **DIRECTED** to place pages 12, 14, and 18 of Doc. No. 50-1 under seal.

The Clerk is **DIRECTED** to remove Doc. Nos. 45, 46, 47, 48, 49, 50, 51, 52 from the Court's pending motions list.

Plaintiff has filed a motion for default judgment, Doc. No. 19, which appears to be unopposed and which remains pending.

August 9, 2013                     *s/Norah McCann King*_____
                                   Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge