**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GRACIE E. McBROOM,** | : | |
| | : | **Case No. 2:12-CV-01074** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **HR DIRECTOR FRANKLIN COUNTY** | : | **Magistrate Judge King** |
| **BOARD OF ELECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Pro se Plaintiff Gracie E. McBroom's Motion for

Reconsideration (Doc. 61).  Plaintiff requests that the Court reconsider its Opinion and Order of

January 10, 2014, granting Defendants' Motion to Dismiss.[1]  (*Id.* at 2).  Plaintiff does not offer

any reasoning or argument why the Court should grant such a motion.

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the

moving party demonstrates:  (1) a clear error of law; (2) newly discovered evidence that was not

previously available to the parties; or (3) an intervening change in controlling law."  *Owner-

Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio

2003); s*ee also Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (a

judgment may also be altered or amended when necessary "to prevent manifest injustice").  A

motion under Rule 59(e), however, is "not an opportunity to re-argue a case."  *Sault Ste. Marie

Tribe of Chippewa Indians v. Engle*r, 146 F.3d 367, 374 (6th Cir. 1998).  Rule 59(e) may not be

used to relitigate old matters, or to raise arguments or present evidence that could have been

---

[1] As explained in the Court's Opinion and Order, Defendants' Motion (Doc. 41), while captioned "Motion to Dismiss Plaintiff's Complaint," in fact argues, substantively, for summary judgment.  (*See* Doc. 59 at 7).  The Court accordingly decided Defendants' Motion in light of its substance, not its title.  (*Id.*).

raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quotation omitted). Generally, a manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004).

In this case, Plaintiff directs the Court to no clear error of law, newly discovered evidence, or change in controlling law; nor does Plaintiff explain how reconsideration is necessary to prevent a manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

      **___s/ Algenon L. Marbley_____**
      **ALGENON L. MARBLEY**
      **UNITED STATES DISTRICT JUDGE**

**DATED: April 4, 2014**