IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GRACIE E. McBROOM,** | : | |
| **Plaintiff,** | : | Case No. 2:12-CV-1074 |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| **HR DIRECTOR FRANKLIN COUNTY BOARD OF ELECTIONS,** *et al.*, | : | Magistrate Judge King |
| **Defendant.** | : | |

## **OPINION & ORDER**

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment or Order. (ECF No. 71. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I.     BACKGROUND

Plaintiff worked as a Precinct Judge for Franklin County in the 2011 elections, overseeing the voting operations at a particular precinct. (ECF No. 59 at 3). Others working at the polling station complained of Plaintiff's incompetence, specifically that she arrived late, fell asleep at various times throughout the day, and was overwhelmed by the demands of the job. (*Id.* at 4). After the election, Mary Hacket, the Precinct Election Official Manager, and Deborah Cotner, the Precinct Election Official Coordinator relieved Plaintiff of her duties as Precinct Judge and appointed Robena Hawkins in her place. (*Id.* at 3). Plaintiff is African American while Hawkins is Caucasian, and thus, Plaintiff believes that she was fired as a result of unlawful race-based discrimination by Defendant. (*Id.*). Further, she disputes the criticisms of her performance as Precinct Judge.

On January 10, 2014, this Court granted Defendant's motion to dismiss. (ECF No. 59). This Court also denied Plaintiff's motions for Default Judgment, Opposing Summary Judgment,

`

and for a Status Conference. (*Id.*). On October 25, 2018, Plaintiff filed a Motion for Relief from that Order. (ECF No. 70). Because she purports to have new evidence which the Court should consider, we construe this motion as a Motion to Reconsider. (*Id.*)

## II. LAW & ANALYSIS

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

Plaintiff seems to reassert that she was the victim of racial discrimination, a claim that this Court dismissed on January 10, 2014. (ECF No. 59). Plaintiff has failed to establish the need for this Court to reconsider her claim. She has reasserted a claim-that she suffered an adverse employment action--that has already been denied. (ECF No. 59). In her motion, Plaintiff does not allege a clear error of law, identify any newly discovered evidence previously unavailable, and

`

does not argue an intervening change in controlling law. (ECF No. 71). There is no "manifest injustice" to be avoided because this Court already addressed the merits of her claims that she was an employee and not an independent contractor and that she was the victim of race-based employment discrimination. (ECF No. 59). Because this Court will not relitigate issues at Plaintiff's demand, Plaintiff's Motion to Reconsider is **DENIED**.

### III.    CONCLUSION

For the reasons above, Plaintiff's Motion to Reconsider, is **DENIED**.

**IT IS SO ORDERED.**

       **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 5, 2019**